THE MAYOR AND ALDERMEN OF THE CITY OF PATER-
SON, APPELLANT, v. THE WEST ORANGE WATER
COMPANY, RESPONDENT.

Argued November 19, 1914—Decided June 14, 1915.

1. A corporation organized under the Water Company act of 1876
(*Comp. Stat.*, p. 3635) becomes at once clothed with the power
of eminent domain so far as its exercise is necessary for obtain-
ing the water-supply required for the municipality in which its
works are located; and the fact that instead of exercising that
right forthwith, it contracts for its water-supply with another
company, does not take away its power thereafter to acquire an
independent supply in the way authorized by the statute.

2. There is nothing in this statute which postpones the right to
exercise the power of eminent domain until after the water com-
pany shall have constructed its water works, and hence whether
or not such plant is constructed before the institution of con-
demnation proceedings is immaterial.

On appeal from the Supreme Court, whose opinion is re-
ported in 86 *N. J. L.* 460.

For the appellant, *Edward F. Merrey*, *William B. Gourley*
and *John W. Griggs*.

For the respondent, *Gilbert Collins*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is an appeal from a
judgment of the Supreme Court affirming the validity of

an order appointing commissioners in a condemnation proceeding instituted by the respondent against the appellant. The question presented for review is whether or not the West Orange Water Company has power to condemn certain water rights which the city of Paterson has in the flow of the waters of the Passaic river through its municipal parks.

The West Orange Water Company was incorporated in October, 1892, under the Water Company act of 1876 (*Comp. Stat., p.* 3635), the pertinent provisions of which are recited in our opinion delivered at the present term in the case of Paterson *v.* The Montclair Water Company. The purpose of its formation is declared in its certificate of incorporation to be the constructing, maintaining and operating water works in the township of West Orange, and the supplying such township and the inhabitants thereof with water.

Shortly after its incorporation it entered into a contract with the Montclair Water Company for the supplying to it of water, in such quantities as it might require. In 1910 it concluded that it was desirable for it to own and control its own source of supply; and thereupon instituted this proceeding for the condemnation of the water rights required by it, having first attempted to purchase them from the city of Paterson. What it is seeking to acquire, as appears from its petition, is "the right to take and divert continuously, until the 25th day of October, A. D. 1942, from the Passaic river at Little Falls, in Passaic county, New Jersey, the quantity of water necessary for the public and domestic uses of the public water-supply of the town of West Orange, not exceeding an average quantity in any year of one million gallons of water per day, the same being required and necessary to be taken for the supply of West Orange."

The contentions of the city of Paterson are, *first,* that this company was not vested with the power of eminent domain for the purpose for which it seeks to exercise it; and *second,* that if it has such power it can only be exercised in the immediate neighborhood of West Orange, and that Little Falls is not within the area to which it is limited.

As to the first contention we have this to say: This cor-

poration was organized for the purpose of constructing water works in West Orange and the supplying of that town and its inhabitants with water. By its incorporation under the act of 1876 it became at once clothed with the power of eminent domain so far as it was necessary for the purpose of obtaining the water-supply required for West Orange and its inhabitants. The fact that instead of exercising that right forthwith it saw· fit to obtain its water-supply from another company, under a contract made with it, did not take away its power thereafter to acquire an independent supply in the way authorized by the statute. What it now seeks to do is to exercise the power of eminent domain for the purpose for which that power was originally conferred by the legislature, namely, to supply the town where its works are located, and the inhabitants thereof, with water, and for no other purpose. We see no reason why it cannot do so.

The fact that the water company has not yet constructed its plant in West Orange (if it be the fact) is immaterial. There is nothing in the statute which postpones the right of corporations organized under it to exercise the power of eminent domain, for the purpose of acquiring water rights, until after they shall have constructed their water works, and such limitation upon the exercise of that right cannot be engrafted upon the act by judicial decision.

Further, it is asserted by counsel that the purpose of this water company, in instituting the proceeding under review, is to acquire water, not only for the supply of West Orange and its inhabitants, but for the further purpose of supplying other municipalities with which it has made contracts. The answer is that this assertion is negatived by the petition which is the initial step in the proceeding, from which we have already quoted, and which limits the use to which the water to be acquired can be put, viz., to the supplying of West Orange and its inhabitants. The abstraction of water from the Passaic river, under color of these proceedings, for any other purpose, would be not only a fraud upon the state, but would subject the company to liability to make compensation for the injury resulting from its wrong-doing.

As to. the second contention, viz., that Little Falls is outside the area within which the water company is authorized to exercise the power of eminent domain, we concur with the Supreme Court that it is without merit, and for the reasons expressed by that tribunal in the opinion delivered by it.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 11.

*For reversal*—None.